UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LYNN A. PADGETT,                    : CIVIL NO: 4:11-CV-00434
                                    :
            Plaintiff               :
                                    : (Chief Judge Kane)
      v.                            :
                                    : (Magistrate Judge Smyser)
BRADFORD COUNTY DISTRICT            :
ATTORNEY'S OFFICE,                  :
ROBERT B. MCGUINESS,                :
JAMES PETTI and                     :
HELEN A. STOLINAS,                  :
                                    :
            Defendants              :


**REPORT AND RECOMMENDATION**


I. Background and Procedural History.

        The plaintiff is a state prisoner at the State

Correctional Institution at Mahanoy.  He filed the complaint in

this case on March 7, 2011.


        The Clerk of Court issued an Administrative Order

directing the plaintiff to pay the filing fee or file the

proper forms to proceed *in forma pauperis*.  The plaintiff then

paid the filing fee.


        The complaint names as defendants: the Bradford County

District Attorney's Office; Robert B. McGuiness, a former

Bradford County District Attorney; James Petti, a Pennsylvania state police trooper; and Helen A. Stolinas, a former assistant Public Defender of Bradford County.

The plaintiff alleges the following facts in his complaint.

On October 29, 1997, defendant Petti arrested the plaintiff on child abuse/child pornography charges.  Defendant Petti searched the plaintiff's residence, camper, automobile, sheds and barn pursuant to a search warrant.  The search produced nude photo of two minors.

On October 30, 1997, the mother of a third minor filed a complaint with the Williamsport police alleging that the plaintiff had committed various offenses against her minor daughter in Lycoming County.  She alleged that these offenses occurred between February 15, 1997 and May 31, 1997.  The Williamsport police conducted an investigation regarding the allegations regarding this third minor.  But no charges were filed in Lycoming County against the plaintiff.

2

Although the Lycoming County Child Youth Protective Service had interviewed the minor, neither that agency nor the Williamsport Police Department had the minor examined by a medical professional in Lycoming County.  Defendant Petti, however, had the minor transported to Bradford County and examined by a doctor.  Based on a report made by the Williamsport Police Department, defendant Petti filed a criminal complaint against the plaintiff alleging a single incident of indecent contact with this third minor in Bradford County on an unspecified date between February 15, 1997 and May 31, 1997.  Defendant Petti filed the criminal complaint in Bradford County, but it should have been filed in Lycoming County.

Defendant Petti's search on October 29, 1997 had not produced any evidence relating to the third minor.  But, on November 19, 1997, defendant Petti returned and searched the plaintiff's trailers again.  This search allegedly produced evidence relating to the third minor.  This search and seizure was conducted without a warrant and without probable cause.

On January 2, 1998, defendant McGuiness filed an information in Bradford County charging the plaintiff with various offenses against the third minor.

Defendant Stolinas was the plaintiff's defense attorney.  On January 8, 1998, she advised the plaintiff to enter a guilty plea to one count of rape.  She did not, however, seek discovery of the evidence in the possession of the Bradford County District Attorney's Office until January 12, 1998.  The plaintiff apparently entered a guilty plea.

At the plaintiff's sentencing on March 5, 1998, defendant McGuiness referred to letters from the plaintiff to the third minor.  But he did not produce those letters in court.  Defendant Stolinas did not object to the introduction of the content of the letters.  Nor did she seek to discover the letters.

In June of 1998, the plaintiff was indicted in Tennessee for rape of yet another minor.  That offense in fact never occurred.  But, in connection with that charge, the plaintiff's storage unit in Tennessee was searched.  In the

4

affidavit of probable cause in connection with that search, an officer indicated that he had traveled to Pennsylvania and had talked with defendant Petti.  Defendant Petti told this officer that during a recent search of the plaintiff's Bradford County residence he had discovered a receipt for a payment on a storage unit.  But on the property receipt for the October 29, 1997 search, defendant Petti had not reported finding such a receipt or receipts from public transportation companies.

From 1998 to the present, the plaintiff has diligently sought to obtain the evidence in the possession of, under the control of or within the knowledge of the Bradford County District Attorney's Office.  But he has been denied access to this material.  He was informed that the information was transferred from Lycoming County to Bradford County.  Yet the Bradford County District Attorney purportedly does not have the evidence.

The defendants have withheld exculpatory evidence for the sole purpose of denying the plaintiff the opportunity to defend himself in connection with the charges in Bradford

County regarding the third minor.  The defendants acted in concert to prejudice the plaintiff in the courts.

The plaintiff claims that defendant Petti filed false reports in the form of the property receipt of the October 29, 1997 search and the criminal complaint regarding the third minor.  He claims that defendant Petti obstructed justice by withholding exculpatory evidence from him and from defendant Stolinas.  He also claims that defendant Petti obstructed justice by convincing the Tennessee detective to file false rape charges against him.  He asserts that, had he gone to trial in Bradford County, the Tennessee rape charge would have been presented to discredit his character.

The plaintiff claims that the Bradford County District Attorney's Office withheld exculpatory evidence and evidence to prove his allegations of prosecutorial misconduct.

The plaintiff claims that defendant McGuiness did not have probable cause to file charges against him.  He also claims that defendant McGuiness withheld exculpatory evidence that would have placed him in another place at the time of the

6

alleged offenses in Bradford County.  That evidence includes:
the Williamsport Police Report; the complete report from the
Lycoming County Child Youth Protective Service; nude photos of
the third minor; any photos, video tape or other visual aid
that would show the third minor engaged in sexual activity or
that would depict sexual activity; clothing, bedding or other
items belonging to the third minor that were tested for the
plaintiff's DNA; the results of such DNA tests; medical
findings of the doctors that performed the rape kit or
otherwise examined the third minor; and receipts from
Greyhound, Trailways or other public transportation carriers
dated between December 22, 1996 and May 31, 1997.  The
plaintiff contends that this evidence would prove to be
exculpatory.

        The plaintiff claims that defendant Stolinas assisted
defendants Petti, McGuiness and the Bradford County District
Attorney's Office in withholding evidence.  She did not seek
discovery of the evidence before she advised the plaintiff to
plead guilty, and she did not follow up after making a formal
discovery request on January 12, 1998.  She also did not object
to the false criminal complaint filed by Petti or contact the

storage facility in Tennessee to verify whether the plaintiff had accessed that space anytime between February 15, 1997 and May 31, 1997.  Nor did she make a good faith effort to discuss the facts of the case with the plaintiff or to contact any of the alibi witnesses that the plaintiff had in Tennessee.

The plaintiff claims that as a result of the defendants' actions he was denied due process and equal protection of law in violation of the Fourteenth Amendment.  He also claims that defendant Petti's November 19, 2007 search violated his Fourth Amendment right to be free of unreasonable searches and seizures.

The plaintiff indicates that his claims are based on 18 U.S.C. § 241[1], 18 U.S.C. 242, 42 U.S.C. § 1988, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and 42 U.S.C. § 1983.

---

1.  The complaint actually cites 18 U.S.C. § 421.  Because there is no 18 U.S.C. § 421 and because the plaintiff refers to a conspiracy against rights secured by the Constitution, we assume that the plaintiff meant to refer to 18 U.S.C. § 241 rather than 18 U.S.C. § 421.

The plaintiff seeks only declaratory relief.  He requests the court to declare that his rights were violated by the defendants' conduct.

II.  Pleading Standards.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).  The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  However, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.*  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009).  "A complaint has to "show" such an entitlement with its facts." *Id.*  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."

9

*Ashcroft, supra,* 129 S.Ct. at 1950.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

We review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening.**- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

### 18 U.S.C. § 241, 18 U.S.C. 242 and 42 U.S.C. § 1988

Neither 18 U.S.C. § 241 nor 18 U.S.C. § 242 create a civil cause of action. *Carpenter v. Ashby,* 351 Fed.Appx. 684, 688 (3d Cir. 2009).  42 U.S.C. § 1988 also does not provide for a private cause of action. *Id.* at 687.  Thus the plaintiff's claims under these statutes fail to state a claim upon which relief may be granted.

11

<u>42 U.S.C. § 1985 and 42 U.S.C. § 1986</u>

The plaintiff cites to both 42 U.S.C. § 1985(2) and § 1985(3).

42 U.S.C. § 1985(2) is composed of two parts.  Only the second part is potentially applicable here.  That part permits an action for a conspiracy "for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws." 42 U.S.C. § 1985(2).

42 U.S.C. § 1985(3) "permits an action to be brought by one injured by a conspiracy formed 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'" *Farber v. City of Paterson,* 440 F.3d 131, 134 (3d Cir. 2006)(quoting § 1985(3)).

Both the second part of Section 1985(2) and Section 1985(3) are limited to conspiracies based on racial or some other class-based invidiously discriminatory animus. *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971)(stating with regard to 1985(3) that "[t]he language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action"); *Davis v. Township of Hillside,* 190 F.3d 167, 171 (3d Cir. 1999)(holding that district court correctly dismissed 1985(2) claim because the plaintiff had not alleged racial or other class-based, invidiously discriminatory animus).

Both 42 U.S.C. § 1985(2) and § 1985(3) require a conspiracy.  "The essence of a conspiracy is an agreement." *United States v. Kelly,* 892 F.2d 255, 258 (3d Cir. 1989).  To state a conspiracy claim upon which relief can be granted, a plaintiff must allege "facts from which a conspiratorial agreement can be inferred." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 178 (3d Cir.

13

2010).  "To properly plead such an agreement, 'a bare assertion

of conspiracy will not suffice.'" *Id.* (quoting *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).


The plaintiff alleges that the defendants acted in

concert.  But that allegation merely pleads a conclusion.  The

plaintiff has not alleged facts from which a conspiratorial

agreement can be inferred.  For that reason and because the

plaintiff fails to allege a racial or some other class-based

invidiously discriminatory animus, the complaint fails to state

either a § 1985(2) or a § 1985(3) claim upon which relief may

be granted.


The plaintiff also seeks relief under 42 U.S.C. § 1986.

Section 1986 provides a cause of action for failing to prevent

a conspiracy under Section 1985.  "Section 1986, therefore, is

derivative of section 1985." *Dennison v. PA Dept. of*

*Corrections*, 268 F.Supp.2d 387, 402 n.10 (M.D.Pa. 2003).  Since

the complaint fails to state a § 1985 claim upon which relief

may be granted, it follows that the complaint fails to state a

§ 1986 claim upon which relief may granted.

<u>42 U.S.C. § 1983</u>

"Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005).  Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.*  "To state a claim under § 1983, a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

*Defendant Stolinas*

Defendant Stolinas is a former public defender and was the plaintiff's criminal defense attorney.

15

A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  Here the plaintiff alleges actions and inactions by defendant Stolinas that were taken during the course of her representation of him in his criminal case in Bradford County.

"[A] private party who willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right acts "under color of state law" for purposes of § 1983." *Abbott v. Latshaw*, 164 F.3d 141, 147-48 (3d Cir. 1998).  Although the plaintiff alleges that the defendants acted in concert, the plaintiff has not alleged facts from which a conspiratorial agreement can be inferred.

The complaint fails to allege facts from which it can reasonably be inferred that defendant Stolinas was acting under color of state law.  Thus, the complaint fails to state a 42 U.S.C. § 1983 claim against defendant Stolinas upon which relief may be granted.

*Exculpatory Evidence Claim*

The plaintiff claims that the defendants withheld exculpatory evidence from him in connection with the Bradford County case regarding the third minor.  That claim is barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck v. Humphrey*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such [a] determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. 477, 486-87 (1994)(footnote omitted).  Even if a plaintiff has exhausted available state remedies the plaintiff has no cause of action under § 1983 unless and until the conviction or sentence is

17

reversed, expunged, invalidated, or impugned by the granting of a writ of habeas corpus. *Id.* at 489.

   *Heck* addressed a claim for monetary damages.  But the reasoning of *Heck* also applies to claims for declaratory relief that would necessarily imply the invalidity of the plaintiff's confinement. *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005).

   Here the plaintiff alleges that the defendants withheld exculpatory evidence from him in connection with his criminal case.  Since the plaintiff pleaded guilty, it appears that it would be very difficult for the plaintiff to succeed on such a claim.  But if he were to succeed on that claim, that success would necessarily demonstrate the invalidity of his conviction. *See Dukes v. Pappas,* 2010 WL 5416796 at *1 (3d Cir. Dec. 28,

2010)(stating that "a meritorious <u>Brady</u> claim, by definition, implies the invalidity of the attendant criminal conviction"). Therefore, the claim is not cognizable unless or until the plaintiff's conviction has been set aside.  The plaintiff has not alleged that his conviction has been set aside, and given the allegations in the complaint it is reasonable to infer that the conviction has not been set aside.  And so the plaintiff's claim regarding the withholding of exculpatory evidence is barred by *Heck*.

*Arrest and Search Claims*

The plaintiff's Fourth Amendment arrest and search claims are not barred by *Heck. See Heck, supra,* 512 U.S. at 487 n.7 (noting that because of doctrines like independent source, inevitable discovery and harmless error, a successful unreasonable search claim would not necessarily imply that the plaintiff's conviction was unlawful); *Montgomery v. DeSimone,* 159 F.3d 120, 126 n.5 (3d Cir. 1998)("Because a conviction and sentence may be upheld even in the absence of probable cause for the initial stop and arrest, we find that Montgomery's claims for false arrest and false imprisonment are not the type

of claims contemplated by the Court in *Heck* which necessarily implicate the validity of a conviction or sentence.").  But the plaintiff's Fourth Amendment arrest and search claims are barred by the statute of limitations.

"Actions brought under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations of the state in which the cause of action accrued." *O'Connor v. City of Newark,* 440 F.3d 125, 126 (3d Cir. 2006).  The Pennsylvania statute of limitations for personal injury actions is two years. *Garvin v. City of Philadelphia,* 354 F.3d 215, 220 (3d Cir. 2003).  A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which his action is based. *Sameric Corp. v. City of Philadelphia,* 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense. *Smith v. Delaware County Court,* 260 Fed.Appx. 454, 455 (3d Cir. 2008).  Even so a district court may *sua sponte* dismiss a complaint where the defense is obvious from the complaint and no development of the factual record is required. *Id.*

20

The plaintiff alleges that he was arrested in 1997.
His false arrest claim accrued in 1997. *Wallace v. Kato,* 549
U.S. 384 (2007)(discussing accrual date of false arrest claim).
So his false arrest claim is barred by the statute of
limitations.

The plaintiff also complains about searches that
occurred in 1997.  The complaint does not specify the exact
date that the plaintiff learned about the searches.  Still
there is no reasonable basis to infer that the plaintiff did
not learn about the searches until sometime within the two
years prior to the date he filed the complaint in this case.
So the plaintiff's unreasonable search claims are also barred
by the statute of limitations.

<u>Leave to Amend</u>

Before dismissing a complaint for failure to state a
claim upon which relief may be granted pursuant to the
screening provisions of 28 U.S.C. § 1915A, the court must grant
the plaintiff leave to amend his complaint unless amendment
would be inequitable or futile. *See Grayson v. Mayview State*

21

*Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002).  In the instant case, we conclude that amendment would be futile.

IV.  Recommendations.

Based on the foregoing, it is recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and that the case file be closed.

***/s/ J. Andrew Smyser***
J. Andrew Smyser
Magistrate Judge

Dated:  April 13, 2011.