IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LYNN A. PADGETT, | : | |
|     Plaintiff | : | Civil Action No. 4:11-cv-434 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| BRADFORD COUNTY DISTRICT | : | (Magistrate Judge Smyser) |
| ATTORNEY'S OFFICE, <u>et</u> al., | : | |
|     Defendants | : | |

## MEMORANDUM OPINION

Plaintiff Lynn Padgett, a prisoner at State Correctional Institution at Mahanoy, filed a complaint with this Court alleging violations of his civil rights based on 18 U.S.C. § 241[1], 18 U.S.C. § 242, 42 U.S.C. § 1988, 42 U.S.C. § 1985, 42 U.S.C. § 1986, and 42 U.S.C. § 1983. Before the Court is Magistrate Judge Smyser's report and recommendation that Plaintiff's suit be dismissed with prejudice in its entirety pursuant to the screening provisions of 28 U.S.C. § 1915A(a). (Doc. No. 5.) Plaintiff has filed objections to Magistrate Judge Smyser's report and recommendation as to one of his 42 U.S.C. § 1983 claims only. Plaintiff has not indicated that he objects to Magistrate Judge Smsyer's disposition of any of the remaining claims, and upon a <u>de novo</u> review the Court cannot identify any error with these portions of the report and recommendation. Accordingly, the Court adopts Magistrate Judge Smyser's report and recommendation that Plaintiff's 18 U.S.C. § 241, 18 U.S.C. § 242, 42 U.S.C. § 1988, 42 U.S.C. §

---

[1] As noted by Magistrate Judge Smyser, Plaintiff's complaint actually cites 18 U.S.C. § 421; however, no such statute exists and Plaintiff refers to a conspiracy against his rights secured by the United States Constitution. (Doc. No. 5 at 8 n.1.) Therefore, Judge Smyser presumed the claim was brought pursuant to 18 U.S.C. § 241, and Plaintiff did not object to this assumption. Accordingly, the Court will accept this assumption as true.

1985, and 42 U.S.C. § 1986 claims be dismissed with prejudice. There being no objection and no error in the report and recommendation, Court will also dismiss with prejudice the 42 U.S.C. § 1983 claims raised against Defendant Stolinas and the 42 U.S.C. § 1983 based on the Fourth Amendment.[2] The Court will review Plaintiff's objections regarding his sole remaining 42 U.S.C. § 1983 claim.

In his complaint, Plaintiff alleges that various defendants withheld exculpatory evidence relating to a case in Bradford County in which Plaintiff pleaded guilty to one count of rape against a minor. The report and recommendation found that this claim was barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994). (Doc. No. 5 at 17-19.) Relying on Grier v. Klem, 591 F.3d 672 (3d Cir. 2010), Plaintiff objected that because he was merely seeking disclosure of evidence rather than attempting to prove a Brady violation, Heck did not bar his claim. (Doc. No. 6 at 4-6.) Pursuant to the favorable termination rule a "state prisoner's [Section] 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original). Relying on Dotson, the Third Circuit held that where a prisoner files a Section 1983 claim to request access to evidence for DNA testing, the favorable

---

[2] Magistrate Smyser recommends dismissing Plaintiff's Fourth Amendment arrest and search claims based on the Fourth Amendment. (Doc. No. 5 at 19-21.) Plaintiff's objections include mention of the statute of limitations; however, those objections refer to the statute of limitations on his claim that Defendants withheld evidence, not regarding any search or arrest of Plaintiff. (Doc. No. 6 ¶¶ 24-25.) Further, Plaintiff himself acknowledges that he did not intend to raise these claims in his pleadings. (Id. ¶ 11.)

judgment rule will not bar the claim because gaining access to evidence "in and of itself cannot invalidate or undermine [a] conviction[]." Grier, 591 F.3d at 678.

The Court agrees with the report and recommendation that to the extent that Plaintiff is seeking to state a Brady claim his cause of action must fail as a matter of law. Skinner v. Switzer, 131 S. Ct. 1289, 1300 (2011) ("Brady claims have ranked within the traditional core of habeas corpus and outside the province of [Section] 1983."). Based on the pleadings, it appears that Plaintiff is indeed seeking to state a Brady claim. His allegations – that various government officials "intentionally withheld exculpatory evidence for the sole intended purpose of denying him the opportunity to defend himself against the allegations of the offenses in 97-CR-888" (Doc. No. 1 ¶ 74) – are precisely the type of Brady claim that Heck forecloses. See, e.g., Dukes v. Pappas, 405 F. App'x. 666, 668-69 (3d Cir. 2010). Accordingly, the report and recommendation properly dismisses Plaintiff's Section 1983 claim arising from the failure to disclose exculpatory evidence.

The Court recognizes that just this year the Supreme Court held that although a prisoner is not entitled to a substantive due process right to DNA testing, a prisoner may bring a Section 1983 claim alleging that a state's procedures for postconviction DNA testing denies him procedural due process. Skinner, 131 S. Ct. at 1293 (citing District Attorney's Office for Third Judicial Dist. v. Osborne, 129 S. Ct. 2308, 2322 (2009)). In his objections Plaintiff appears to attempt to recharacterize his Brady claim as a procedural due process claim. His attempts, however, fail. Plaintiff does not allege that he attempted to take advantage of the statutory procedures available under Pennsylvania law to secure postconviction DNA testing, 42 Pa.

Conn. Stat. § 9543.1, or that those procedures were inadequate.[3] Rather he only notes that he wrote letters to various local government officials regarding an investigation report filed by the Williamsport Police Department. (Doc. No. 1-1, Exs. 6-9.) Thus, having failed to invoke or challenge the state procedures regarding postconviction disclosure of evidence he may not now allege a violation of procedural due process based on them. See Osborne, 129 S. Ct. at 2321 (denying a plaintiff's attempt to "sidestep state process" by seeking DNA testing via a Section 1983 action and noting that without attempting to use the state law procedures available, Plaintiff "can hardly complain that they do not work in practice"); cf. Skinner, 131 S. Ct. at 1296 n.8 (distinguishing Osborne and noting plaintiff was on stronger footing because he "first resorted to state court").

**ACCORDINGLY**, on this 12th day of May 2011, upon consideration of Magistrate Judge Smyser's well-reasoned report and recommendation (Doc. No. 5), **IT IS HEREBY ORDERED** that:

1. The report and recommendation is **ADOPTED**;

2. Plaintiff's complaint is **DISMISSED WITH PREJUDICE**; and

3. The clerk of court is directed to close the case.

    S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[3] The Supreme Court counsels that Brady is not a post-trial right and that federal courts may only disturb a state's procedures regarding postconviction access to DNA evidence where those procedures are "fundamentally inadequate to vindicate the substantive rights provided." Osborne, 129 S. Ct. at 2319-20.